## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| BRIANNA NECOLE CHAMBERS,                                          ) | |
|                                                                   ) | |
|                   Plaintiff,                                      ) | |
|                                                                   ) | |
| v.                                                                ) | |
|                                                                   )   No. 2:16-cv-02851-JPM-dkv | |
|                                                                   ) | |
| TENNESSEE BOARD OF REGENTS,                                       ) | |
| SOUTHWEST TENNESSEE COMMUNITY                                     ) | |
| COLLEGE, JAMES WHITE, individually and                            ) | |
| in his official capacity, NIKITA L. ASHFORD-                      ) | |
| ASHWORTH, individually and in her official                        ) | |
| capacity, KRUBAH S. SISUSE, individually                          ) | |
| and in her official capacity, ANGELA WEBB,                        ) | |
| individually and in her official capacity, and                    ) | |
| other unknown and unnamed individuals or                          ) | |
| entities,                                                         ) | |
|                                                                   ) | |
|                   Defendants.                                     ) | |

---

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendants Tennessee Board of

Regents, Southwest Tennessee Community College, as well as James White, Nikita L. Ashford-

Ashworth, Krubah S. Sisuse, and Angela Webb, in their individual and official capacities, on

February 27, 2017.  (ECF No. 26.)  Also before the Court is Plaintiff Brianna Chambers' Motion

to Amend Complaint Pursuant to F.R.C.P. 15, filed March 29, 2017 (ECF No. 35), and her

Second Motion to Amend Complaint Pursuant to F.R.C.P. 15, filed May 25, 2017 (ECF No.

37).[1]  For the reasons stated below, the Court DENIES Plaintiff's motions to amend the

Complaint and GRANTS Defendants' Motion to Dismiss.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff Brianna Necole Chambers brings this civil action in regards to an alleged sexual

assault by Defendant James White, an employee of Defendant Southwest Tennessee Community

College ("Southwest") on its Gill Campus, committed on October 28, 2015 while Plaintiff was a

student.[2]   (ECF No. 1 ¶ 13.)   Plaintiff further alleges that Defendant White continued to make

lewd and inappropriate comments to her.  (Id. ¶ 14.)  She allegedly reported the incident to the

Memphis Police Department and Southwest (id. ¶ 15), but claims that Southwest and its

employees failed to conduct an adequate investigation, failed to take appropriate remedial action

---

[1] The Court denies Plaintiff's first Motion to Amend Complaint Pursuant to F.R.C.P. 15 as moot in light of her second filing.  (See ECF Nos. 35, 37.)

[2] Under Tennessee law, unlawful sexual contact that does not amount to rape is deemed "sexual battery." T.C.A. § 39-13-505.  There is no provision for "sexual assault."  The applicable statute defines sexual battery as the following:

  (a) Sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:

     (1) Force or coercion is used to accomplish the act;
     (2) The sexual contact is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the contact that the victim did not consent;
     (3) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or
     (4) The sexual contact is accomplished by fraud.

  (b) As used in this section, "coercion" means the threat of kidnapping, extortion, force or violence to be performed immediately or in the future.

T.C.A. § 39-13-505.  Although the question of whether Defendant White's conduct constituted sexual battery is not before the Court, the parties discussed during the Scheduling Conference the events leading to the incident and the incident itself.  In short, Plaintiff was in a common area in a campus building when Defendant White came up behind her, poked her, and said "boo."  The parties dispute whether the poke was on Plaintiff's back or side, but both agree it was above the waist.  The parties also dispute whether Defendant White had any connection to Plaintiff, e.g., through her alleged boyfriend at the time, prior to this undesired touching.

  Plaintiff's Second Amended Complaint attaches Southwest Tennessee Community College's Sexual Misconduct policy.  (ECF No. 37-4.)  The policy defines sexual assault, in short, as nonconsensual, intentional sexual contact.  (Id. at PageID 265.)  Sexual contact includes "intentional touching of the clothing covering the immediate area of . . . [another's] intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification."  (Id.)

against Defendant White, and created an environment conducive to sexual assault (id. ¶¶ 19-21). Plaintiff asserts violation to her constitutional rights in contravention of the Civil Rights Act and Due Process Clause (42 U.S.C. § 1983), conspiracy to violate Plaintiff's constitutional rights (42 U.S.C. § 1985), negligence, gross negligence, and intentional infliction of emotional distress. Plaintiff seeks compensatory, special, and punitive damages in an amount of no less than $700,000.00.  (Id. at PageIDs 9-17.)

### B.    Procedural Background

On October 27, 2016, Plaintiff filed her Complaint.  (Compl., ECF No. 1.)  On February 7, 2017, Defendants moved for an extension of time to file a response (ECF No. 16), which the Court granted on February 8, 2017.  (ECF No. 19.)

On February 27, 2017, Defendants filed a Motion to Dismiss for pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 26.)

Defendants also filed a Motion to Stay Discovery on February 27, 2017.  (ECF No. 27.) Plaintiffs filed a Motion for Extension of Time to File Response/Reply to the Motion to Stay on March 14, 2017 (ECF No. 28), which the Court granted on March 16, 2017.  (ECF No. 32.)  On March 20, 2017, Plaintiff filed her Response in opposition to Defendants' Motion to Stay.  (ECF No. 33.)

On March 29, 2017, Plaintiff filed a Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15.  (ECF No. 35.)  On March 30, 2017, Plaintiff filed her Response in opposition to Defendants' Motion to Dismiss.  (ECF No. 36.)

Before the Court is Plaintiff's Second Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15, filed May 25, 2017.  (ECF No. 37.)  Plaintiff's Second Amended Complaint purports to add facts in response to Defendants' Motion to Dismiss (ECF No. 26).

(ECF No. 37 at PageID 215.)  Plaintiff's attached Certificate of Consultation suggests this motion is unopposed.  (ECF No. 37-1.)  More than fourteen (14) days have passed, and Defendants have not opposed the motion.

## II.    LEGAL STANDARD

### A.    Amendments

"Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires."  Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010).  Rule 15 "plainly embodies a liberal amendment policy," Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002), that "reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings," Inge v. Rock Fin. Corp., 388 F.3d 930, 937 (6th Cir. 2004) (quoting Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)) (alterations and internal quotation marks omitted).

When a proposed amendment would occur outside the applicable statute of limitations, as in the instant case,[3] a plaintiff must demonstrate that the complaint "relates back" to the initial complaint.  Fed. R. Civ. Pro. 15(c).  "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ."  Fed. R. Civ. Pro. 15(c)(1)(B).

---

[3] Plaintiff's claims are subject to a one-year statute of limitations.  Tenn. Code Ann. § 28–3–104(a) (2003) (under Tennessee law, § 1983 claims and personal tort actions subject to one-year statute of limitations); George v. Aventis Pharm., Inc., 252 F.Supp.2d 599, 607 (W.D.Tenn.2003) (same); Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 729 (6th Cir. 1996) (holding one-year statute of limitations is appropriate for Title IX claims).  The only, seemingly, pertinent date in Plaintiff's Complaint is October 28, 2015, when she was inappropriately touched by Defendant White.  (See ECF No. 37-2 ¶ 15.)  The original Complaint was filed within the one-year statute of limitations for Plaintiff's claims, on October 27, 2016.  (ECF No. 1.)

If the amendment relates back, leave is appropriate "[i]n the absence of . . . undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of the amendment." Leary v. Daeschner, 349 F.3d 888, 905 (6th

Cir. 2003); accord Riverview, 601 F.3d at 520. A proposed amendment is futile "if the court

concludes that the pleading as amended could not withstand a motion to dismiss." Midkiff v.

Adams Cnty. Reg'l Water Dist., 409 F.3d 758, 767 (6th Cir. 2005) (internal quotation marks

omitted) (quoting Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 249 (6th Cir. 1986)).

### B.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)

falls into two categories, facial attacks and factual attacks. A facial attack is a challenge to the

sufficiency of the pleading itself. Regarding these motions, the court must take all the material

allegations within the petition as true and construe them in the light most favorable to the

nonmoving party. U.S. v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). On the other hand, a factual

attack challenges the factual existence of subject matter jurisdiction wherein no presumption of

truthfulness applies. Id. A 12(b)(1) challenge based on immunity may constitute either a facial

or factual attack. See Hatcher v. United States, 855 F. Supp. 2d 728, 731 (E.D. Tenn. 2012),

aff'd, 512 F. App'x 527 (6th Cir. 2013); Freeman v. Sullivan, 954 F. Supp. 2d 730, 753 (W.D.

Tenn. 2013), aff'd (Dec. 27, 2013).

### C.    Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon

which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test

whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has plead a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

## III.    ANALYSIS

The Court finds that Plaintiff's Second Amended Complaint would be futile and thus DENIES her motion to amend.  For the same reasons, the Court finds that Plaintiff has failed to state a claim in her original Complaint (ECF No. 1) on which relief may be granted and that the Court lacks subject matter jurisdiction over all Defendants, except for Defendant White, because they are immune from suit.  Because the Court dismisses each of Plaintiff's federal-law claims, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Accordingly, the Court GRANTS Defendants' Motion to Dismiss.

Plaintiff's Second Amended Complaint asserts seven causes of action.  Her first cause is a § 1983 claim for a due process violation in association with "Defendants Tennessee Board of Regents and Southwest Tennessee Community College established rules, regulations and procedures for addressing sexual assault and other sexual misconduct on the campus."  (ECF No. 37-2 ¶ 59.)  Plaintiff's second cause is also a § 1983 claim for a "liberty interest violation" of "a constitutional right for her personal body to be protected from bodily harm," for which Defendants are liable for through their acts and/or omissions.  (Id. ¶¶ 80-83.)  Her third cause is a § 1985 claim for "conspiracy to violate civil rights" in that "the acts and acts of omission on the parts of Defendants Tennessee Board of Regents, Southwest Tennessee Community College, Ashford-Ashworth, Sisuse, and Webb were done in concert with each other and resulted in the Plaintiff being deprive [sic] of her 'liberty interest' and other due process consideration."  (Id. ¶ 98.)  Plaintiff's fourth cause is a Title IX claim, alleging "Defendants Tennessee Board of Regents and Southwest Tennessee Community College failed to conduct a Title IX compliant investigation."  (Id. ¶ 108.)  Plaintiff's fifth cause is a negligence claim, asserting that Defendants breached their duty by failing to provide "a school environment where he [sic] would

8

be safe from physical injury and emotional distress."  (Id. ¶ 112.)  Plaintiff's sixth cause is for

gross negligence because other sexual assaults on campus meant there was a "substantial

likelihood" Plaintiff would be attacked.  (Id. ¶ 118.)  Finally, Plaintiff's seventh cause is for

"infliction of emotion distress."  (Id. ¶ 126.)

All these same claims were brought in Plaintiff's original complaint except for her Title

IX claim.  (See ECF No. 1.)  The Court, therefore, addresses this new claim first.

### A.    Plaintiff Fails to State a Title IX Claim Upon Which Relief May be Granted

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under

any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).

Accordingly, sexual harassment of a student in a federally-funded school by a teacher or

employee of the school can render the school liable for damages under Title IX.  Franklin v.

Gwinnett Cnty. Pub. Schs., 503 U.S. 60, 63 (1992).

For a plaintiff to proceed on a claim against an educational institution under Title IX, she

must establish a prima facie case by showing that: (1) she was subjected to quid pro quo sexual

harassment or a sexually hostile environment, (2) she provided actual notice of the situation to an

"appropriate person," who was, at a minimum, an official of the educational entity with authority

to take corrective action and to end discrimination, and (3) the institution's response to the

harassment amounted to "deliberate indifference."  Klemencic v. Ohio State Univ., 263 F.3d 504

(6th Cir. 2001).  Mere allegations that an educational institution failed to promulgate a grievance

procedure or comply with other Title IX administrative requirements, without more, do not give

rise to a private cause of action.  Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 292

(1998).

The "deliberate indifference" standard requires the plaintiff to demonstrate that an

official of the institution who had authority to institute corrective measures had actual notice of,

and was deliberately indifferent to, the misconduct.  Id. at 277.  Deliberate indifference may be

proven by showing that the school's response was "clearly unreasonable . . . in light of the known

circumstances."  Vance v. Spencer Cnty. Pub. Sch. Dist., 231 F.3d 253, 258 (6th Cir. 2000).

Plaintiff challenges Defendant Southwest Tennessee Community College along with

Defendants Ashford-Asworth, Sisuse, and Webb for failure "to cooperate in an investigation,"

"properly train employees concerning sexual harassment," "notify the Plaintiff of her rights to

file a criminal charge," "provide a prompt, fair and impartial investigation," "present [Plaintiff's]

complaint to the Title IX Coordinator," "conduct a timely investigation," and "make a report of

the outcome of said investigation."  (ECF No. 37-2 ¶¶ 32, 36.)  The allegations that the school

failed to promulgate a grievance procedure or comply with other Title IX administrative

requirement do not give rise to an action, especially in light of Plaintiff's allegations that

"Defendant Southwest Tennessee Community College *did conduct an initial investigation* into

the sexual assault that occurred upon the Plaintiff . . . [and] referred [Plaintiff] to counseling

where she was diagnosed with post traumatic stress disorder as a result of the incident which

occurred."  (Id. ¶ 27 (emphasis added).)

Plaintiff's Second Amended Complaint also takes issue with Defendant White's

punishment.  Plaintiff asserts that White's transfer, rather than termination, "left [White] in a

position where he could continue to engage in other sexual assaults and other inappropriate

behavior toward the student population." (ECF No. 37-2 ¶ 29.) Plaintiff's preference for

different punishment, however, is not sufficient to make a claim. The Sixth Circuit Court of

Appeals has cautioned against requiring defendants to "engage in particular disciplinary action"

to avoid Title IX liability. Stiles ex rel. D.S. v. Grainger Cty., Tenn., 819 F.3d 834, 848 (6th Cir.

2016). The Sixth Circuit also made clear that "Title IX does not give victims a right to 'make

particular remedial demands.'" Id. Furthermore, "courts should avoid second-guessing school

administrators' disciplinary decisions." Id. Given this explicit guidance by the Sixth Circuit and

the transfer measure implemented by Defendants, Defendants' response was not deliberately

indifferent as a matter of law. Moreover, the Second Amended Complaint fails to plead any

factual allegations that the school's action and disciplinary response was clearly unreasonable in

light of the known circumstances, Vance, 231 F.3d at 258, such that would raise Plaintiff's right

to relief under Title IX beyond a speculative level.[4] Accordingly, because neither Plaintiff's

allegations of Defendants' failure to promulgate a grievance procedure or comply with other

Title IX administrative requirements nor Plaintiff's challenge of Defendant White's punishment

amount to a claim as a matter of law, the Court finds Plaintiff has failed to state a Title IX claim

upon which relief may be granted. This amendment would thus be futile.

---

[4] Courts find that unreasonable reactions in the motion to dismiss context include an institution's failure to take action or making only minimal efforts to protect the victim from his or her assailant. See, e.g., Takla v. Regents of Univ. of Cal., No. 215CV04418CASSHX, 2015 WL 6755190, at *6-7 (C.D. Cal. Nov. 2, 2015) (denying the motion to dismiss on the basis that the plaintiff's allegations of insufficient remedial measures that did not prevent direct contact with the harasser were sufficient to state a claim of deliberate indifference); Doe ex rel. Doe v. Derby Bd. of Educ., 451 F. Supp. 2d 438, 444-45 (D. Conn. 2006) (denying summary judgment because the school failed to take remedial action to reduce contact between the victim and the harasser); Kelly v. Yale Univ., No. CIV.A. 3:01-CV-1591, 2003 WL 1563424, at *4-5 (D. Conn. Mar. 26, 2003) (finding that there was a factual issue as to whether the institution's minimal efforts to reduce further harassment violated Title IX). Plaintiff does not allege that any physical interaction between herself and Defendant White occurred after Defendants' remedial action transferring him to another campus. Seemingly, therefore, this remedial act prevented further physical interaction between Plaintiff and White. Where the offensive conduct is effectively thwarted following a school's chosen remedial course, the Court does not find, based on Plaintiff's pleading, that there was deliberate indifference. See Vance v. Spencer Cty. Pub. Sch. Dist., 231 F.3d 253, 260-61 (6th Cir. 2000) (stating that a school must "take reasonable action in light of [the] circumstances to eliminate the behavior.").

The Court, therefore, DENIES Plaintiff's Second Motion to Amend the Complaint as to
Plaintiff's Title IX claim as futile.

**B.    Plaintiff's Remaining Claims**

Plaintiff's remaining claims are subject to Defendants' pending Motion to Dismiss.  (ECF
No. 26.)  The Court addresses how the claims in Plaintiff's original Complaint and Second
Amended Complaint claims do not survive Defendants' Motion to Dismiss.

**1.    Eleventh Amendment Immunity: Defendants Tennessee Board of
Regents and Southwest Tennessee Community College, as well as the
individual Defendants in their official capacities**

Defendants first argue in their Motion to Dismiss that immunity precludes each claim
against the State and each defendant, individually and in their official capacities.  (ECF No. 26.)
Defendants specifically contend that Defendants Tennessee Board of Regents and Southwest
Tennessee Community College, as well as the individual Defendants in their official capacities,
qualify as the State of Tennessee in this action.  (ECF No. 26-1 at PageID 98 (citing Kompara v.
Bd. of Regents of the State Univ. & Cmty. Coll. Sys. of Tennessee, 548 F. Supp. 537, 542 (M.D.
Tenn. 1982); Henderson v. Sw. Tennessee Cmty. Coll., 282 F. Supp. 2d 804, 807 (W.D. Tenn.
2003); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).)  Accordingly, these
Defendants are allegedly afforded Eleventh Amendment immunity, which precludes Plaintiff's
claims against them because Congress has neither abrogated state immunity under 42 U.S.C.
§§ 1983 or 1985, nor has the State of Tennessee waived its immunity here.  (Id. at PageIDs 98-
99.)

Plaintiff contends that Eleventh Amendment immunity does not apply to Defendants
Tennessee Board of Regents or Southwest Tennessee Community College because Plaintiff

alleges due process violations (ECF No. 36 at PageIDs 203-04)[5] and "both Defendants
Tennessee Board of Regents and Southwest Community College promulgated rules and
regulations . . . in compliance with Title IX. . ." (id. at PageID 204). Plaintiff does not address
whether the individual defendants—Nikita Ashford-Ashworth, Krubah Sisuse, Angela Webb,
and James White—are subject to Eleventh Amendment immunity in their official capacities.
Because the Court denied Plaintiff's Title IX claims, it will only address Plaintiff's due process
claims in the context of Eleventh Amendment Immunity.

The Eleventh Amendment guarantees that "nonconsenting States may not be sued by
private individuals in federal court." Babcock v. Michigan, 812 F.3d 531, 533-34 (6th Cir. 2016)
(quoting Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)). A suit against a
public institution of higher learning is the same as a suit against the State itself. Johnson v. Univ.
of Cincinnati, 215 F.3d 561, 571 (6th Cir. 2000) ("[a] suit against OSU is the same as a suit
against Ohio because OSU, like Ohio's other public universities, qualifies as an arm of the
state"). Likewise, claims against state officers in their official capacity are "no different from a
suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); S & M
Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008). Three exceptions exist to the
Eleventh Amendment's grant of sovereign immunity: (1) if Congress abrogates immunity by
statute, (2) the suit against a state official seeks prospective injunctive relief to stop a continuing
violation of federal law, or (3) the State waives immunity. Carten v. Kent State Univ., 282 F.3d
391, 396 (6th Cir. 2002). Plaintiff's due process claims fails on all three counts.

---

[5] Plaintiff also argues that "Congress abrogated the State's Eleventh Amendment immunity from Title IX
lawsuits." (ECF No. 36 at PageID 204.) Because the Court found the Title IX claim would not survive a motion to
dismiss, it need not address whether Defendants would be afforded immunity as to this claim.

First, merely bringing a § 1983 due process claim against the State does not abrogate the State's immunity.  Cf. S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008); Dorn v. Michigan Dep't of Corr., No. 1:15-CV-359, 2017 WL 2436997, at *3 (W.D. Mich. June 6, 2017); McCrary v. Ohio Dep't of Human Servs., 229 F.3d 1153 (6th Cir. 2000).  Second, in both Plaintiff's original and Second Amended Complaint, she seeks monetary and not prospective relief.  Third, there is no evidence that the State of Tennessee waived its immunity as to due process claims or as to this specific matter.

Accordingly, the Court finds Defendants Tennessee Board of Regents or Southwest Tennessee Community College along with individual Defendants—Nikita Ashford-Ashworth, Krubah Sisuse, Angela Webb, and James White—in their official capacities, are afforded Eleventh Amendment immunity.  The Court, therefore, finds Plaintiff's Second Amended Complaint futile as to these Defendants and GRANTS Defendants' Motion to Dismiss Plaintiff's original Complaint as to Defendants Tennessee Board of Regents and Southwest Tennessee Community College along with individual Defendants—Nikita Ashford-Ashworth, Krubah Sisuse, Angela Webb, and James White—in their official capacities.

### 2. Qualified Immunity: Individual Defendants in Their Unofficial Capacitates

Defendants argue that the individual Defendants are entitled to qualified immunity because Plaintiff fails to establish that the individual Defendants violated a clearly established constitutional right.  (ECF No. 26-1 at PageIDs 100-02.)  The individual Defendants, Plaintiff argues, violated her constitutional due process rights as created by the rules and regulations promulgated by Defendants Tennessee Board of Regents or Southwest Tennessee Community College and through the "bodily injury" she suffered through her interaction with Defendant

White.  (ECF No. 36 at PageIDs 205-06.)  The Court finds that Defendants Ashford-Ashworth, Sisuse, and Webb are entitled to qualified immunity; Defendant White, however, is not entitled to qualified immunity.

Qualified immunity protects government officials sued in their individual capacities for discretionary acts.  United Pet Supply, Inc. v. City of Chattanooga, 768 F.3d 464, 484 (6th Cir. 2014); Lanman v. Hinson, 529 F.3d 673, 683 (6th Cir. 2008).  For a motion to dismiss, the test for qualified immunity is "whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that an official's acts violated the plaintiff's clearly established constitutional right."  Heyne v. Metropolitan Nashville Public Schools, 655 F.3d 556, 562-63 (6th Cir. 2011).  "[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."  Id. at 564 (quoting Lanman, 529 F.3d at 684).  "'A right is clearly established if there is binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point.'"  Id. (quoting Risbridger v. Connelly, 275 F.3d 565, 569 (6th Cir. 2002)).  This does not mean, however, "'that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'"  Id. (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)).  The Court first assesses whether Plaintiff alleges the violation of a clearly established constitutional right.

Plaintiff's constitutional claims rely on assertions of due process.  (ECF No. 1 ¶¶ 32-73.) The Due Process Clause protects individuals against certain actions by the government. Washington v. Glucksberg, 521 U.S. 702, 719-20 (1997).  Substantive due process limits governmental deprivations of life, liberty or property, regardless of procedure.  Shoemaker v.

City of Howell, 795 F.3d 553, 564 (6th Cir. 2015) (quoting Pearson v. City of Grand Blanc, 961

F.2d 1211, 1216 (6th Cir.1992)).  Procedural due process guarantees "the government [must]

provide a 'fair procedure' when depriving someone of life, liberty, or property."  EJS Props.,

LLC v. City of Toledo, 698 F.3d 845, 855 (6th Cir. 2012) (citing Collins v. City of Harker

Heights, 503 U.S. 115, 125 (1992)).  Plaintiff alleges that, after Defendant White's sexual

assault, Defendants Ashford-Ashworth, Sisuse, and Webb deprived her of the right "to be

protected from bodily harm."  (ECF No. 1 ¶¶ 32-73.)  Plaintiff's allegations raise issues of both

substantive and procedural due process.

### i.    Substantive Due Process

First, the Court considers Plaintiff's substantive due process claim.  The Court recognizes

two categories of substantive due process claims:  (1) those claims that, other than procedural

claims, assert the denial of a right, privilege, or immunity guaranteed by the Constitution or

federal statute; and (2) those claims that target official acts.  Lillard v. Shelby Cty. Bd. of Educ.,

76 F.3d 716, 724 (6th Cir. 1996).  The first category of claims exists when a plaintiff alleges the

violation of either an enumerated or unenumerated fundamental right.  For example, a plaintiff

may allege a violation of his fundamental right to free speech, Hustler Magazine, Inc. v. Falwell,

485 U.S. 46, 50-53 (1988), or a violation of his fundamental right marry, Obergefell v. Hodges,

135 S. Ct. 2584, 2604-05 (2015).  The second category of claims requires only an asserted

violation of the Due Process Clause, and exists when official conduct is arbitrary or shocks the

conscience of the court.  Handy-Clay v. City of Memphis, 695 F.3d 531, 547 (6th Cir. 2012).  In

the instant case, Plaintiff asserts that Defendant White's poke and subsequent lewd remarks

deprived Plaintiff of her rights to bodily integrity and security, as guaranteed by the Due Process

Clause.  (ECF No. 1 ¶¶ 32-73.)  The violation Plaintiff asserts does not evoke an enumerated

right, nor does it involve an arbitrary government action.  Therefore, the Court must consider

whether Defendant White's conduct shocks the conscience of this Court.

> The Sixth Circuit Court of Appeals has
>
> cautioned . . . that a constitutional claim bears important differences from a simple
> tort claim: [W]e emphasize once more that the substantive due process claim is
> quite different than a claim of assault and battery under state tort law. . . .
> [S]ubstantive due process is concerned with violations of personal rights of
> privacy and bodily security. . . . [T]he substantive due process inquiry . . . must be
> whether the force applied caused injury so severe, was so disproportionate to the
> need presented, and was so inspired by malice or sadism rather than a merely
> careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse
> of official power literally shocking to the conscience.

Lillard, 76 F.3d at 725 (quoting Webb v. McCullough, 828 F.2d 1151, 1158 (6th Cir. 1987))

(alterations in original).  In Lillard, the Sixth Circuit considered an incident in which a teacher

and coach detained the plaintiff/student after class, verbally abused her and slapped her across

the face.  Id. at 719.  The Sixth Circuit noted that it was "simply inconceivable that a single slap

could shock the conscience," and while the court would "not quarrel with a suggestion" that the

teacher's "actions were careless and unwise" they "fall far short of 'brutal,' or 'inhumane' or any

of the other adjectives employed to describe an act so vicious as to constitute a violation of

substantive due process."  Id. at 726.  The Sixth Circuit went on to note that the blow was

"neither severe in force nor administered repeatedly."  Id.

Although the "shocks the conscience" test is primarily used in excessive force cases, it

has been used by the Sixth Circuit in a variety of contexts, including cases such as this where

sexual harassment/violation of bodily integrity is alleged by a student against a school employee.

But in those scenarios, the deplorable act, even if it is reasonably suggestive and wholly

inappropriate, without more, is not considered conduct that creates a constitutional claim.  See,

e.g., Petrone v. Cleveland State Univ., 993 F. Supp. 1119, 1126 (N.D. Ohio 1998) (finding "the

conversations and the one incident of Dr. Kurtz's touching of Plaintiff's leg, while inappropriate, is not of the outrageous and shocking character that is required for a substantive due process violation."), disapproved of on other grounds by Kovacevich v. Kent State Univ., 224 F.3d 806 (6th Cir. 2000). For example, also in Lillard, the Sixth Circuit held that when a teacher passed a student in the hallway and rubbed her stomach, telling her "he had arranged for permission for her to come to his class . . . after her last exam," 76 F.3d at 721, it was not enough to establish a constitutional claim, id. at 725.

On the other hand, "the magnitude of the liberty deprivation that sexual abuse inflicts upon the victim is an abuse of governmental power of the most fundamental sort. . . ." Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ., 103 F.3d 495, 506 (6th Cir. 1996). In Doe v. Claiborne Cty., the Sixth Circuit found a substantive due process violation against a school teacher when the teacher sexually harassed and raped a minor student. Id. at 506-07. "[Sexual abuse under color of law] is so contrary to fundamental notions of liberty and so lacking of any redeeming social value, that no rational individual could believe that sexual abuse by a state actor is constitutionally permissible under the Due Process Clause." Id. at 507. Accordingly, a constitutional right to be free from such sexual abuse[6] is clearly established. Doe ex rel. Doe v. City of Roseville, 296 F.3d 431, 438 (6th Cir. 2002).

The instant case is similar to Lillard, where the Sixth Circuit found there was no substantive due process violation when a school teacher rubbed the plaintiff's stomach in the hallway and made a somewhat suggestive remark, because such conduct alone did not shock the conscience. 76 F.3d at 721, 725. In the instant case, the Court also finds there was no substantive due process violation when Defendant White poked Plaintiff in the "chest region"

---

[6] Black's Law Dictionary defines "sexual abuse" as (1) "An illegal or wrongful sex act, esp. one performed against a minor by an adult" or (2) "rape." ABUSE, Black's Law Dictionary (10th ed. 2014).

because such conduct alone falls far short of shocking the conscience.  The instant case is
dissimilar to the sexual abuse described in Doe v. Clairborne Cty., where a teacher's repeated
rape and groping of a student was violative of the student's right to substantive due process;
whereas here, a janitor's single poke or touch of the Plaintiff, although inappropriate, is not
violative of the Plaintiff's substantive due process right because the conduct, although
inappropriate, falls far short of the repeated and gruesome sexual abuse described in Doe v.
Clairborne Cty.  Accordingly, the Court finds that the asserted physical contact in the instant
case does not "shock the conscience," nor does the suggestiveness of the interaction compel the
Court to assume that Plaintiff has a constitutional right to be free from White's conduct.
Nevertheless, for the qualified immunity inquiry, the Court will assume Plaintiff had a
constitutional right to be free of White's conduct.

Identifying a constitutional right does not end the qualified immunity inquiry.  Here,
Plaintiff's original and amended complaints claim that she was deprived of her right not to have
her bodily integrity violated by physical sexual abuse by a school employee.  (ECF No. 1 ¶¶ 51,
67, 78; ECF No. 37-2 ¶¶ 80, 96, 115.)  Her complaint does not claim that any of the individual
Defendants, except for White, physically or sexually abused her.  (See generally id.)  Nor does
she advance the claim that any of these individual Defendants were Defendant White's
supervisors.  (See ECF No. 1 ¶ 57 (asserting Defendants Tennessee Board of Regents and
Southwest Tennessee Community College Systems supervised employees); ECF No. 37-2 ¶¶ 42,
46, 86 (same).)  "Regardless of how [Plaintiff] attempts to characterize the liability of these
defendants, it is undisputed that but for the actions of [White], [Plaintiff] would have suffered no
injury."  Doe ex rel. Doe v. City of Roseville, 296 F.3d 431, 439 (6th Cir. 2002).  Accordingly,
"[b]ecause the plaintiff sought to hold school administrators individually liable for constitutional

injury caused directly by someone else, . . . "'supervisory liability' standards apply to resolve the

claim[s]." Id. (quoting Claiborne, 103 F.3d at 513).  "[L]iability must be based on 'active

unconstitutional behavior,' and . . . a mere failure to act [is] not sufficient." Id. at 440.

> [I]t is not enough for the plaintiff to show that the defendant supervisors were
> sloppy, reckless or negligent in the performance of their duties.  Rather, . . . "[a]
> plaintiff must show that, in light of the information the defendants possessed, the
> [employee] who engaged in sexual abuse showed a strong likelihood that he
> would attempt to sexually abuse other students, such that the failure to take
> adequate precautions amounted to deliberate indifference to the constitutional
> rights of students."  Put another way, . . . the plaintiff must show that the
> "defendants' conduct amounted to a tacit authorization of the abuse."

Id. at 439 (internal citations omitted) (quoting Claiborne, 103 F.3d at 513).  "In the absence of

any allegation that the supervisors had 'participated, encouraged, authorized or acquiesced in'

the offending conduct, . . . the supervisors [will have], as a matter of law, 'neither committed a

constitutional violation nor violated a clearly established right.'"  Id. at 440 (quoting Shehee v.

Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)).  Importantly, while a student has

> a constitutional right to be free from sexual abuse at the hands of a school teacher
> or official, she [does] not have a constitutional right to be free from negligence in
> the supervision of the teacher who is alleged to have actually abused her.
> Negligence is not enough to impose section 1983 liability on a supervisor.

Id. at 441.

In the instant case, Plaintiff has failed to show the individual school administrator

Defendants participated, encouraged, authorized, or acquiesced in White's conduct—poking

Plaintiff and making lewd comments to her.  The facts as Plaintiff portrays them in both her

original and Second Amended Complaint do not support a claim that these Defendants deprived

her of a right secured by the Constitution.  Specifically, the facts presented by Plaintiff's

complaints do not demonstrate that any of these Defendants possessed information about White

that "showed a strong likelihood that he would attempt to sexually abuse other students, such that

the failure to take adequate precautions amounted to deliberate indifference to the constitutional

rights of students." Claiborne County, 103 F.3d at 513 (internal quotation marks omitted).

Plaintiff also does not allege that these individual Defendants' actions or inactions encouraged

White to interact with Plaintiff, or that Defendants participated in, authorized, approved, or

knowingly acquiesced in the abuse. Moreover, there is no indication that these individual

Defendants were aware of reports or information of any misconduct by White that was "obvious,

flagrant, rampant, of continued duration, rather than isolated occurrences." Braddy v. Florida

Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir.1998). In fact, Plaintiff does

not allege any past misconduct by White.

     Plaintiff attempts to argue that "Defendants Tennessee Board of Regents and Southwest

Tennessee Community College had already had sexual assaults occur on campus by other

employees[, which] put them on advance and explicit notice that there was a substantial

likelihood that the Plaintiff would be similarly attacked." (ECF No. 37-2 ¶ 118; see also ECF

No. 1 ¶¶ 23-24.) This proposition fails for two reasons. First, these Defendants are immune

from suit, as discussed above. Second, even if the individual Defendants were aware of the

sexual misconduct of "other employees" on campus, a fact Plaintiff does not allege, such a fact

fails to establish that the individual Defendants' supervision of Defendant White constituted

participation, encouragement, authorization, or acquiescence in White's conduct. Even if the

Court were to find the individual Defendants' supervision of White was negligent, it would not

be enough to afford Plaintiff a constitutional or clearly established right.

     As a matter of law, the individual Defendants, except for White, neither committed a

constitutional violation nor violated a clearly established right. Accordingly, the Court finds

Plaintiff has failed to allege the violation of an actual constitutional right by any of these

21

individual Defendants, except for White, in either her original Complaint or Second Amended Complaint. Thus, these Defendants—Ashford-Ashworth, Sisuse, and Webb—are afforded qualified immunity as to Plaintiff's substantive due process claims. For these reasons, even assuming Plaintiff had a constitutional right to be free of White's conduct, the Court DENIES Plaintiff's Motion to File a Second Amended Complaint as futile and GRANTS Defendants' Motion to Dismiss as to these Defendants as Plaintiff's substantive due process claims.

Further assuming Plaintiff had a constitutional right to be free of White's conduct, Plaintiff allegation of sexual assault by Defendant White in her complaint (Compl., ECF No. 1 ¶¶ 13-15) sufficiently forecloses Defendant White's assertion of qualified immunity. See Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2001) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (stating qualified immunity extends to government officials acting in their official capacity and performing discretionary acts). As a janitor, the conduct Plaintiff alleges does not fit within the discretionary acts of Defendant White's official capacity because a janitor is not required, nor does he have the discretion, to touch, much less assault, a student. Defendant White, therefore, is not entitled to qualified immunity.

### ii.    Procedural Due Process

Plaintiff appears to only allege procedural due process claims against Defendants Southwest Tennessee Community College, Ashford-Asworth, Sisuse, and Webb. (See ECF Nos. 1, 37-2.) Defendants contend they are afforded qualified immunity. (ECF No. 26-1 at PageIDs 100-02.)

"Procedural due process claims are concerned not with the deprivation of a constitutionally protected interest in 'life, liberty, or property,' but deprivation of those interests

without due process of law.  When reviewing a procedural due process claim, [a court] must

determine whether a protected liberty or property right is at stake and, if so, what process is due."

Handy–Clay v. City of Memphis, Tenn., 695 F.3d 531, 546 (6th Cir. 2012) (internal citations

omitted).  To establish her procedural due process claim, Plaintiff must show that (1) she had a

life, liberty, or property interest protected by the Due Process Clause; (2) Defendants deprived

her of this protected interest; and (3) Defendants did not afford her procedural adequate rights

prior to deprivation of the protected interest.  Women's Med. Prof'l Corp. v. Baird, 438 F.3d

595, 611 (6th Cir. 2006).

Plaintiff's Complaints, both the original and the Second Amended Complaint, allege that

"Defendants Ashford-Asworth, Sisuse, and Webb failed to appropriately conduct the

investigation into the sexual assault which the Plaintiff suffered" (ECF No. 1 ¶ 19; ECF No. 37-2

¶ 26), even though "Defendant Southwest Tennessee Community College did conduct an initial

investigation into the sexual assault . . . [and] referred [Plaintiff] to counseling where she was

diagnosed with post traumatic stress disorder as a result of the incident . . .[, Defendants] failed

to complete the investigation" (ECF No. 1 ¶¶ 20-21; ECF No. 37-2 ¶¶ 27-28).

Plaintiff provides no authority for the proposition that the Due Process Clause requires

certain thoroughness to an investigation.  To be sure, the aim of due process is a fair process.

But "[t]he Due Process Clause does not require a particular kind of investigation. . . ."  Nguyen

v. Univ. of Louisville, No. CIV.A. 3:04–CV–457–H, 2006 WL 1005152, at *4 (W.D. Ky. Apr.

14, 2006).  The procedural-due-process analysis focuses on the decision-maker, not the

investigator.  See Kolley v. Adult Protective Servs., 725 F.3d 581, 586–87 (6th Cir. 2013)

(dismissing procedural-due-process claims against social workers and investigators because it

was the juvenile court's duty, and not the investigators' duty, to provide notice and a hearing).

Due process does not provide a guarantee of a perfect investigation, but rather notice and an opportunity to be heard by a neutral decisionmaker. Here, despite claims that there was an incomplete investigation or a failure to inform Plaintiff of the investigative progress (ECF No. 1 ¶ 21; ECF No. 37-2 ¶ 28), there are contradictory claims that the investigation concluded with a transfer to Defendant White to another campus (ECF No. 1 ¶ 22; ECF No. 37-2 ¶ 29) and reference of Plaintiff to counseling (ECF No. 1 ¶ 20; ECF No. 37-2 ¶ 27), which do not implicate procedural due process concerns.

Because Plaintiff fails to identify a violation of a clearly established right to a thorough and neutral investigation, Defendants are entitled to qualified immunity on this point. Accordingly, the Court DENIES Plaintiff's Motion to File a Second Amended Complaint as futile and GRANTS Defendants' Motion to Dismiss as to these Defendants on Plaintiff's procedural due process claims.

### 3.    Substantive Due Process Claims Against Defendant White

The remaining § 1983 claim is Plaintiff's substantive due process claim against Defendant White in his individual capacity. This claim fails, however, because White's conduct does not shock the conscience. And while White's poking of Plaintiff in the "chest region" may constitute a deplorable act; the act, even if reasonably suggestive and wholly inappropriate is not enough to create a constitutional claim in and of itself. The act was a single incident—a brief "poke" undisputed by the parties during the scheduling conference. No other physical interaction occurred, although subsequent lewd comments were made. Though the Court does not condone this inappropriate act, binding authority makes clear that such incidences do not amount to a constitutional claim. Accordingly, the Court finds Plaintiff failed to satisfy Federal Rule of Civil Procedure 12(b)(6) for her due process claims against Defendant White in his

individual capacity in her original and Second Amended Complaint.  The Court, therefore,

DENIES Plaintiff's Second Amended Complaint as futile and GRANTS Defendants' Motion to

Dismiss due process claims against Defendant White in his individual capacity.

**4.    § 1985 Claim**

Plaintiff also alleges a claim of "Conspiracy to Violate Civil Rights" under 42 U.S.C.

§ 1985 against the school and its administrators.  (ECF No. 1 PageID 14; ECF No. 37-1 at

PageID 240.)  She contends that "the acts and acts of omission on the parts of Defendants

Tennessee Board of Regents, Southwest Tennessee Community College, Ashford-Ashworth,

Sisuse, and Webb were done in concert with each other and resulted in the Plaintiff being

deprive of her 'liberty interest' and other due process consideration."  (ECF No. 1 ¶ 69; ECF No.

37-2 ¶ 98.)  Plaintiff does not provide any further detail or factual allegations to support this

claim against these Defendants.

> To make out a violation of § 1985(3),
>
> the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the
> purpose of depriving, either directly or indirectly, any person or class of persons
> of the equal protection of the laws, or of equal privileges and immunities under
> the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is
> either injured in his person or property or deprived of any right or privilege of a
> citizen of the United States.

United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828–

29 (1983); Vakilian v. Shaw, 335 F.3d 509, 518 (6th Cir. 2003).  "The acts that allegedly

'deprived the plaintiff of equal protection must be the result of class-based discrimination.'"

Coker v. Summit Cnty. Sheriff's Dep't, 90 F.App'x 782, 789 (6th Cir. 2003) (quoting United Bhd.

of Carpenters, 463 U.S. at 828–29; Center for Bio–Ethical Reform, Inc. v. City of Springboro,

477 F.3d 807, 832 (6th Cir. 2007) ("A § 1985(3) complaint must 'allege both a conspiracy and

some class-based discriminatory animus behind the conspirators' action.' Newell v. Brown, 981

F.2d 880, 886 (6th Cir. 1992). . . . Plaintiffs here do not allege that Defendants acted with discriminatory animus based on a constitutionally protected classification.") (emphasis in original) (citing Dunn v. Tennessee, 697 F.2d 121, 124 (6th Cir. 1982)).

Here, Plaintiff does not allege that the Defendants' alleged violations were the result of race or class-based discrimination.  Even if Plaintiff qualified as a "class of one," the Sixth Circuit has stated that membership in a class of one is "'not entitled to the kind of special protection which would make § 1985(3) applicable . . . .'"  Royal Oak Entm't, LLC v. City of Royal Oak, Mich., 205 F.App'x 389, 399 (6th Cir. 2006) (quoting McGee v. Schoolcraft Cmty. Coll., 167 F.App'x 429, 436 (6th Cir. 2006)).  Thus, the Court concludes that Plaintiff's § 1985 conspiracy claim should be dismissed because Plaintiff did not suffer class-based discrimination. See Coker, 90 F.App'x at 789; Umani v. Mich. Dept. of Corr., 423 F.App'x 453, 462 (6th Cir. 2011).

The Court, therefore, DENIES Plaintiff's Second Amended Complaint as futile and GRANTS Defendants' Motion to Dismiss Plaintiff's § 1985 claims.

### 5.    State Law Claims

Having dismissed Plaintiff's federal claims under §§ 1983 and 1985, and denied Plaintiff's motion to add a Title IX claim, only state claims remain.  Plaintiff's original and amended complaints allege three state-law claims: (1) negligence, (2) gross negligence, and (3) intentional infliction of emotional distress.  (See ECF Nos. 1, 37-2.)  Although not properly stated in Plaintiff's complaints, the Court's jurisdiction over these state-law claims derives from 28 U.S.C. § 1367.  Defendants contend in their Motion to Dismiss that they are afforded absolute immunity pursuant to Tenn. Code Ann. § 9-8-307.  (ECF No. 26-1 at PageID 102.)  Plaintiff argues that the "absolute immune from liability" language in T.C.A. § 9-8-307 does not mean

"an immunity from litigation." (ECF No. 36 at PageID 209.) The Court disagrees with Plaintiff. Nevertheless, the Court need not address absolute immunity here, because it declines to exercise supplemental jurisdiction over the remaining state-law claims.

"If the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist. . . . After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1255 (6th Cir. 1996).

Accordingly, because the Court has dismissed all of Plaintiff's federal claims under either Rule 12(b)(1) and 12(b)(6), it dismisses the remaining state-law claims without prejudice.

**IV.     CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiff's Second Motion to Amend the Complaint (ECF No. 37) as futile, and **GRANTS** Defendants' Motion to Dismiss (ECF No. 26).


**IT IS SO ORDERED**, this 28th day of July, 2017.

  /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE

27